UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL SINCLAIR also known as DANNY SINCLAIR, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:15-cv-00003-TWP-MJD ) |
| HALSTED FINANCIAL SERVICES, LLC, | ) ) |
| Defendant. | ) |

**ENTRY ON DAMAGES FOLLOWING DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Daniel Sinclair's ("Mr. Sinclair") request for damages following entry of default judgment. Mr. Sinclair filed a complaint against Defendant, Halsted Financial Services, LLC ("Halsted"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962. (Filing No. 1.) On March 19, 2015, a Clerk's Entry of Default was entered against Halsted. (Filing No. 9.) On June 17, 2015, Mr. Sinclair filed a Motion for Default Judgment (Filing No. 10), and on July 9, 2015, this Court entered Default Judgment against Halsted, noting Halsted's failure to file a responsive pleading despite proper service (Filing No. 11).

On October 1, 2015, this Court held a damages hearing to determine the judgment amount against Halsted. At the hearing, Mr. Sinclair testified that receipt of the debt collection letter caused him emotional harm. As a result, he seeks $500.00 in actual damages, to accommodate emotional harm and $1,000.00 in additional statutory damages, due to the egregiousness of the letter and the emotional harm it caused. (*See* Filing No. 15.) Finally, Mr. Sinclair's attorney requests attorney's fees and costs in the amount of $3,165.00. (*See* Hearing Exhibits 5, 5-A, 5-B, 6, 6-A.)

## I. BACKGROUND

Mr. Sinclair incurred a debt on a car loan, which went into default. Collection of the debt was transferred to Halsted, a debt collection agency. On January 3, 2014, Halsted, sent a letter to Mr. Sinclair to collect on the debt. The letter stated that Halsted had made numerous attempts to contact Mr. Sinclair by telephone, and indicated that the letter would be the final attempt to collect the debt. (Filing No. 1-3.) The letter also stated, in relevant part, as follows,

> Since you have not made an arrangement to satisfy the debt, we have no alternative but to inform you that your account has been placed with our legal department. . . . If need be, your account may be assigned to an attorney who is licensed to practice law in your state.
>
> Over the next 30 days our investigation into your personal assets will be completed. These findings, along with a prepared affidavit ready for signature, will be forwarded to expedite authorization of your account to an attorney of your choice. A determination to file suit will be made 2/4/2014.
>
> Please do not make this action necessary. We want to extend a helping hand in getting this matter resolved internally. This office is prepared to reduce your debt and offer you a generous settlement of 50% off. That's a savings of $5,746.50. This offer is only available for a limited amount of time. Please respond to this letter by 2/4/2014 to take advantage of this offer.

(*Id*.)

In his Complaint, Mr. Sinclair alleged that Halsted's letter violated the FDCPA by threatening to take legal action against him without having the intent to actually do so. (Filing No. 1 at 3-4 ¶¶ 1-7.) *See* 15 U.S.C. § 1692d (Harassment or abuse), § 1692(e) (False or Misleading Representations), § 1692(f) (Unfair Practices). This Court ordered default judgment on this claim, noting Halsted's failure to file a responsive pleading despite proper service. (Filing No. 11.)

## II. DISCUSSION

Upon entry of default, the court takes all well-pleaded allegations in plaintiff's complaint relating to liability as true. *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995). As a result of

the Court's default judgment order, Mr. Sinclair asserts that he is entitled to actual and statutory damages and reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), and 1692k(a)(3). (Filing No. 1 at 4 ¶¶ 7, 1-5.)  Although the Court ordered default judgment against Halsted for failing to defend against Mr. Sinclair's claim, the Court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007); House v. Shapiro & Price, 10-CV-842, 2011 WL 1219247, at \*2 (E.D. Wis. Mar. 30, 2011)*. Under the FDCPA, a debt collector who violates any provision under the FDCPA is liable for actual damages sustained by a plaintiff as a result of the violation, additional statutory damages up to $1,000.00 as the court may allow, and the plaintiff's cost and reasonable attorney's fees.  15 U.S.C. § 1692k(a).

A.    **Actual Damages**

At the hearing, Mr. Sinclair testified that receiving the letter caused him emotional harm. As a result, he seeks $500.00 in actual damages, to accommodate the emotional distress.  15 U.S.C. § 1692k(a)(1) provides for actual damages sustained by a debt collector's failure to comply with the FDCPA.  It is the plaintiff's burden to prove that he is entitled to actual damages.  *House*, 2011 WL 1219247, at \*3; *Green v. Monarch Recovery Mgmt.*, 2013 WL 5203809, at \*3 (S.D. Ind. Sept. 16, 2013).  "When the plaintiff's testimony is the only evidence of emotional damages, the plaintiff must explain the circumstances of his injury in reasonable detail and cannot rely on conclusory statements, unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *House*, 2011 WL 1219247, at \*\*2-3; *Denius v. Dunlap*, 330 F.3d 919, 929-30 (7th Cir. 2003) ("bare allegations by a plaintiff that the defendant's conduct made him 'depressed,' 'humiliated,' or the like are not sufficient unless the facts underlying the case are . . . inherently degrading");

*Suska v. Capital Collections, LLC*, No. 8-CV-929, 2009 WL 959798, at *2 (E.D. Wis. Apr. 8, 2009) ("a party seeking emotional damages must provide the court with a reasonably detailed explanation of the injuries suffered.").

In his minimal testimony that receiving the letter caused him emotional harm, Mr. Sinclair did not specify exactly what harm he incurred. He did not assert that he was excessively worried or embarrassed. See *Cf. House*, 2011 WL 1219247, at **2-3 (awarding $1,000.00 in actual damages for emotional distress based on plaintiff's testimony that she was "constantly worried about what [the party seeking collection] was going to do to her, whether she would be arrested or sued or whether her wages would be garnished"). Consequently, this Court considers Mr. Sinclair's testimony to be merely conclusory and lacking the requisite detail to justify an actual damages award for emotional distress. While the Court is empathetic to the justifiable concerns that the letter may have raised, it does not find the singular letter to be "so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." As a result, Mr. Sinclair has not met his burden to show entitlement to actual damages, and the Court denies Mr. Sinclair's request for $500.00 in actual damages to accommodate his alleged emotional harm.

B. **Additional Statutory Damages**

Mr. Sinclair also requests $1,000.00 in additional statutory damages, due to the alleged egregiousness of the letter and the emotional harm it caused him. (*See* Filing No. 15.) 15 U.S.C. § 1692k(a)(2)(A) provides for "additional damages" not to exceed $1,000.00 at the court's discretion. In determining whether additional statutory damages are appropriate, the Court must consider "the frequency and persistence of non-compliance by the debt collector; the nature of

4

such noncompliance; and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1); *House*, 2011 WL 1219247, at *2.

Mr. Sinclair's claim relies solely upon one collection letter, and there is no other evidence in the record of additional communication between Halsted and Mr. Sinclair. As such, the Court does not consider Halsted's non-compliance to be frequent or persistent. Regarding the nature of the non-compliance, the Court finds the letter to be disturbing but not uniquely egregious or threatening. In particular, this Court notes that the letter threatens legal action while at the same time offering Mr. Sinclair "a limited time" "generous settlement", which appears to threaten Mr. Sinclair into a deal.

On the issue of intentionality, Halsted did not respond to Mr. Sinclair's Complaint and did not appear at the damages hearing; however, the collection letter does state: "This letter is null and void if prior arrangements have been made or if this account is no longer in our office." (Hearing Exhibit 3; Filing No. 1-3.) Moreover, Mr. Sinclair did not present any evidence to support intentionality, therefore it is impossible to determine the level of improper intentionality. Accordingly, in its discretion, the Court finds that the statutory maximum of $1,000.00 is not warranted in this case. Instead, the Court will award $750.00 for these damages.

C. **Attorney's Fees**

Finally, Mr. Sinclair's attorney submitted an affidavit of attorney's fees and costs in the amount of $3,165.00. (*See* Hearing Exhibits 5, 5-A, 5-B, 6, 6-A; Filing No. 15.) 15 U.S.C. § 1692k(a)(3) provides for attorney's fees and costs "in a successful action to enforce liability" under the FDCPA. Because this Court ordered Default Judgment against Halsted, Mr. Sinclair has satisfied this requirement and is entitled to attorney's fees. *See Tolentino v. Friedman*, 46 F.3d

645, 651-52 (7th Cir. 1995) (holding that an award of fees is "mandatory" to a successful plaintiff in a FDCPA claim); *House*, 2011 WL 1219247, at *3.

The general rule for calculating an attorney's fee award under fee shifting statutes is applicable to an attorney's fee awards under the FDCPA. *See House*, 2011 WL 1219247, at *3. (citing *Gastineau v. Wright*, 592 F.3d 747, 748-49 (7th Cir. 2010)). The starting point is the lodestar method, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Id.* If necessary, the court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Id.* "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *House*, 2011 WL 1219247, at *3 (quoting *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *House*, 2011 WL 1219247, at *3 (citing *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550-59 (7th Cir. 1999)).

At the hearing, Mr. Sinclair's attorney submitted billing records and two supporting affidavits justifying the rates of the two attorneys ($200.00/hour and $300.00/hour) and the paralegal ($100.00/hour) who worked on Mr. Sinclair's case. *See* Hearing Exhibits 5, 5-A, 5-B, 6, 6-A. This Court finds the hours worked and the rates requested to be reasonable. *Cf. Karr v. Med-1 Sols.*, No. 1:12-cv-1182 DKL, 2014 WL 5392098, at *2 (S.D. Ind. Oct. 22, 2014) (approving rates of $175.00/hour and $300.00/hour in a FDCPA case; *Gradisher v. Check Enf't Unit, Inc.*, No. 1:00-cv-401, 2003 WL 187416, at *3 (W.D. Wis. Jan. 22, 2003) (approving a rate of $300.00/hour in a FDCPA case)). Accordingly, this Court will allow Mr. Sinclair to recover $3,165.00 in attorney's fees and costs.

### III. CONCLUSION

In sum, this Court **AWARDS** Mr. Sinclair $750.00 in additional statutory damages and $3,165.00 in attorney's fees and costs. Halsted is **ORDERED** to pay Mr. Sinclair **$750.00** in additional statutory damages and **$3,165.00** in attorney's fees and costs.

A separate judgment shall issue.

**SO ORDERED.**

Date: 10/6/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


DISTRIBUTION:

Michael Anthony Eades
JOHN STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com